**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Irene A. Osorio Simonenko** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | | |
| Case number: | | | |
| (If known) | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan                                                                                      12/17

## Part 1:  Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy alsCourt. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ☑ |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ | ☑ |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ | ☑ |

## Part 2:  Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

**$225.00** per **Month** for **7** months
**$626.00** per **Month** for **29** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Irene A. Osorio Simonenko** | Case number | |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:
_____

**2.4 Additional payments.**
  *Check one.*
  ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**19,729.00**.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

  *Check one.*
  ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
  ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Loancare Servicing Ctr | 656 Fenwick Ln South Elgin, IL 60177 Kane County | $1,965.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

  ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

  *Check one.*
  ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
  ☑ The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only

| Debtor | **Irene A. Osorio Simonenko** | | Case number | |

payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Ally Financial** | **2015 Nissan Rogue 40,000 miles** | $13,535.00 | 0.00% | $255.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |
| **Cobalt Credit Union** | **2013 Nissan Frontier 60,000 miles** | $5,132.00 | 0.00% | $401.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |

*Insert additional claims as needed.*

**3.4    Lien avoidance**.

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**2,085.18**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $            .
☑    **23.00**   % of the total amount of these claims, an estimated payment of $   **27,073.00**   .

Debtor   **Irene A. Osorio Simonenko**                                    Case number

- [✓] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [ ] plan confirmation.
- [✓] entry of discharge.
- [ ] other: _____

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
- [✓] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Irene A. Osorio Simonenko**                          X   _____
    **Irene A. Osorio Simonenko**                                  Signature of Debtor 2
    Signature of Debtor 1

    Executed on   **October 15, 2019**                              Executed on   _____

X   **/s/ David M. Siegel**                                   Date   **October 15, 2019**
    **David M. Siegel**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Irene A. Osorio Simonenko** | Case number | |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$6,085.18** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$28,667.82** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*    + | **$0.00** |
| | **Total of lines a through j** | **$34,753.00** |

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                  Case No. 19-29854-JSB
Irene A. Osorio Simonenko                                               Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1        User: abowles          Page 1 of 2           Date Rcvd: Oct 22, 2019
                            Form ID: pdf001        Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 24, 2019.
db            +Irene A. Osorio Simonenko,    656 Fenwick Lane,    South Elgin, IL 60177-1089
28309916      +Chase Card,    Attn: Correspondence Dept.,    PO Box 15298,    Wilmington, DE 19850-5298
28309917      +Citi,    Attn: Bankruptcy Department,    PO Box 6241,    Sioux Falls, SD 57117-6241
28309918      +Citibank NA,    PO Box 769006,    San Antonio, TX 78245-9006
28309920       Commonwealth Edison-Care Center,     Bankruptcy Department,    PO Box 6113,
                Carol Stream, IL 60197-6113
28309921     ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
               (address filed with court: Directv, LLC,    Bankruptcy Department,    PO Box 6550,
                Greenwood Village, CO 80155-6550)
28309922      +Elastic (Republic Bank & Trust & Co,    PO Box 950276,    Louisville, KY 40295-0276
28309923      +JPMCB Card Services,    PO Box 15369,    Wilmington, DE 19850-5369
28309926      +Loancare Servicing Ctr,    3637 Sentara Way,    Virginia Beach, VA 23452-4262
28309931       SYNCB/PAYPAL Loanbuilder,    PO Box 965005,    Orlando, FL 32896-5005
28309932      +THD/CBNA,    One Court Square,    Long Island City, NY 11120-0001
28309935     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
               (address filed with court: US Bank,    1200 Energy Park Drive,    Saint Paul, MN 55108)
28309936      +Us Dept Of Ed/glelsi,    2401 International Lane,    Madison, WI 53704-3121
28309938      +Wells Fargo,    800 Walnut St.,    Des Moines, IA 50309-3891
28309939      +Wells Fargo (Credit Cards),    Bankruptcy Department,    4137 121st Street,
                Urbandale, IA 50323-2310
28309940      +Wells Fargo Card Services,    PO Box 14517,    Des Moines, IA 50306-3517
28309941      +Wellsfargo,    Credit Bureau Dispute Resolution,    PO Box 14517,    Des Moines, IA 50306-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
28309914      +E-mail/Text: ally@ebn.phinsolutions.com Oct 23 2019 02:36:47      Ally Financial,
                200 Renaissance Ctr # B0,    Detroit, MI 48243-1300
28309915      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 23 2019 02:46:07      CAP1/Menards,
                PO Box 30253,    Salt Lake City, UT 84130-0253
28309919       E-mail/Text: courtfilings@cobaltcu.com Oct 23 2019 02:36:42      Cobalt Credit Union,
                7148 Towne Center Parkway,    Papillion, NE 68046
28309924      +E-mail/Text: kabbagebankruptcy@brantonlawfirm.com Oct 23 2019 02:40:07      Kabbage,
                925B Peachtree Street NE,    Suite 1688,    Atlanta, GA 30309-3918
28309925      +E-mail/Text: bk@lendingclub.com Oct 23 2019 02:39:08      Lending Club Corp,
                71 Stevenson St Ste 300,    San Francisco, CA 94105-2985
28309928      +E-mail/Text: opportunitynotices@gmail.com Oct 23 2019 02:39:10      Oppity Fin,
                130 E Randolph St Ste 34,    Chicago, IL 60601-6207
28309929       E-mail/PDF: gecsedi@recoverycorp.com Oct 23 2019 02:47:07      SYNCB/AMAZON PLCC,
                PO Box 965015,    Orlando, FL 32896-5015
28309930       E-mail/PDF: gecsedi@recoverycorp.com Oct 23 2019 02:46:03      SYNCB/Care Credit,
                Bankruptcy Department,    PO Box 965061,    Orlando, FL 32896-5061
28309937      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Oct 23 2019 02:36:22
                Verizon Wireless,    Bankruptcy Department,    500 Technology Drive, Ste 550,
                Weldon Spring, MO 63304-2225
                                                                                               TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
28309927        Nadezhdz Simonenko
28309933*    ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
               (address filed with court: US Bank,    425 Walnut St.,    Cincinnati, OH 45202)
28309934*    ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
               (address filed with court: US Bank,    Attn: Bankruptcy Dept,    PO Box 5229,
                Cincinnati, OH 45201-5229)
                                                                                 TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2019                              Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: abowles              Page 2 of 2              Date Rcvd: Oct 22, 2019
                              Form ID: pdf001            Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 21, 2019 at the address(es) listed below:
              David M Siegel     on behalf of Debtor 1 Irene A. Osorio Simonenko davidsiegelbk@gmail.com,
               R41057@notify.bestcase.com;johnellmannlaw@gmail.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                              TOTAL: 2
```